UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

BROEGE, NEUMANN, FISCHER & SHAVER, L.L.C.
25 Abe Voorhees Drive
Manasquan, NJ 08736
(732) 223-8484
Peter J. Broege, Esq.
PB 9313
Attorneys for Defendant, Ghulam Suhrawardi

| | |
|---|---|
| In Re:<br><br>NMC Global Corporation<br><br>    Debtor<br>--------------------------------------------------------------------<br>Andrea Dobin, Chapter 7 Trustee<br><br>    Plaintiff<br><br>v.<br><br>Ghulam Suhrawardi et al<br><br>    Defendants | Case No. 16-27447(CMG)<br><br>Chapter: 7<br><br>Adv. Pro. No. 18-01469(CMG)<br><br>Judge: Honorable Christine M. Gravelle |

**DEFENDANT, GHULAM SUHRAWARDI'S ANSWER TO TRUSTEE'S COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFERS AND RELATED RELIEF**

Defendant, Ghulam Suhrawardi, by and through his attorneys, hereby Answers the Complaint of the Plaintiff-Trustee and says:

**<u>Parties</u>**

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

5. Admitted.

6. Admitted.

## Jurisdiction and Venue

7. Admitted.

8. Admitted.

9. Admitted.

## Background

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Defendant neither admits nor denies the allegations of paragraph 23 of the complaint and leaves Plaintiff-Trustee to her proofs.

24. Admitted.

25. Paragraph 25 refers to a document which speaks for itself.

26. Admitted.

## Count One
### (Dobin v. GS)
### (Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 548)

27. Defendant repeats and realleges all of Plaintiff-Trustee's allegations above as if set forth at length herein.

28. Defendant admits that the Debtor made payments to Defendant however Defendant leaves Plaintiff-Trustee to her proofs with respect to the amount of the total payments.

29. Denied.

30. Denied.

31. Denied.

WHEREFORE, Defendant demands that this Court dismiss the Plaintiff-Trustee's complaint with prejudice and grant such other and further relief which is just and equitable.

## Count Two
### (Dobin v. GS)
### (Damages Pursuant to N.J.S.A. 14A:7-14.1)

32. Defendant repeats and realleges all of Plaintiff-Trustee's allegations above as if set forth at length herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

WHEREFORE, Defendant demands that this Court dismiss the Plaintiff-Trustee's complaint with prejudice and grant such other and further relief which is just and equitable.

## Count Three
### (Dobin v. NK)
### (Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 548)

Defendant herein does not respond to Count Three of Plaintiff-Trustee's complaint as it does not seek any relief against this Defendant.

## Count Four
### (Dobin v. NK)
### (Damages Pursuant to N.J.S.A. 14A:7-14.1)

Defendant herein does not respond to Count Four of Plaintiff-Trustee's complaint as it does not seek any relief against this Defendant.

## First Affirmative Defense

The complaint fails to set forth a cause of action for which relief can be granted.

## Second Affirmative Defense

Accord and satisfaction.

## Third Affirmative Defense

The transfers complained of were part of the resolution of litigation and a subsequent arbitration award and are therefore not fraudulent transfers.

## Fourth Affirmative Defense

Defendant is entitled to a credit for amounts deposited or loaned to the Debtor subsequent to receipt of the alleged fraudulent transfers which exceed the amount complained of in the complaint so that the Trustee is barred from any recovery.

## Fifth Affirmative Defense

The transfers complained of were not made with any actual intent to hinder, delay or defraud any entity to which the Debtor was or became indebted.

### Sixth Affirmative Defense

The Debtor received reasonably equivalent value in exchange for such transfers or obligations which bars the Trustee from recovery.

### Seventh Affirmative Defense

The Debtor was not insolvent on the date that such transfers were made and did not become insolvent as a result of the transfers.

### Eighth Affirmative Defense

The Debtor did not have unreasonably small capital in connection with its business following the transfers.

### Ninth Affirmative Defense

The Debtor did not believe it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

### Reservation of Rights

Defendant reserves the right to assert additional affirmative defenses as discovery may produce.

                                        BROEGE NEUMANN FISCHER & SHAVER, L.L.C.
                                        Attorneys for Defendant, Ghulam Suhrawardi

Dated: 10/2/18                  By: /s/ Peter J. Broege, Esq.