**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY (Trenton)**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| NMC GLOBAL CORPORATION, | : | |
| | : | Case No. 16-27447 (CMG) |
| Debtor. | : | |

| | | |
|---|---|---|
| ANDREA DOBIN, TRUSTEE | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 18-01469 (CMG) |
| | : | |
| v. | : | |
| | : | |
| GHULAM SUHRAWADI and | : | |
| NABIL KASSEM | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW this _____ day of _____, 2018, upon consideration of Co-Defendant, Kassem's Motion to Dismiss Plaintiff's adversary Complaint, and any response thereto, it is hereby ORDERED and DECREED that Co-Defendants' Motion is GRANTED, and Plaintiff's Complaint is DISMISSED, with prejudice.

**AND IT IS SO ORDERED.**

_____
,J.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY (Trenton)**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| NMC GLOBAL CORPORATION, | : | |
| | : | Case No. 16-27447 (CMG) |
| Debtor. | : | |

| | | |
|---|---|---|
| ANDREA DOBIN, TRUSTEE | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 18-01469 (CMG) |
| | : | |
| v. | : | |
| | : | |
| GHULAM SUHRAWADI and | : | |
| NABIL KASSEM | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## CO-DEFENDANT, KASSEM'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT

Incorporating by reference Co-Defendant, Kassem's attached Memorandum of Law,

Kassem respectfully requests this Honorable Court dismiss Plaintiff's Complaint, with prejudice.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
*Attorney for Defendant, Nabil Kassem*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY (Trenton)

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| NMC GLOBAL CORPORATION, | : | |
| | : | Case No. 16-27447 (CMG) |
| Debtor. | : | |

| | | |
|---|---|---|
| ANDREA DOBIN, TRUSTEE | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 18-01469 (CMG) |
| | : | |
| v. | : | |
| | : | |
| GHULAM SUHRAWADI and | : | |
| NABIL KASSEM | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## **MEMORANDUM OF LAW IN SUPPORT OF CO-DEFENDANT, KASSEM'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT**

**I.    Operative Facts**

On September 12, 2016, above-captioned debtor filed a voluntary chapter 7 petition wherein the trustee was appointed in the bankruptcy proceeding. (Complaint, ¶ 1 & 2).

Kassem was previously a shareholder of debtor. (¶ 6). Kassem owned 49% of debtor. (¶ 12).

In 2013, Kassem initiated suit against Co-Defendant, wherein the litigation was resolved into a binding Memorandum of Understanding ("MOU"). (¶¶ 13-15). Debtor's operations were divided between the northeast region to be controlled by Kassem; and the gulf region to be controlled by Co-Defendant. (¶¶ 16-19).

Following disputes from the MOU, there parties submitted to arbitration resulting in an ultimate award. (¶ 22).

On September 12, 2016, debtor – after incurring debt – filed its voluntary chapter 7 petition wherein debtor disclosed liabilities. (¶¶ 23-25).

## II.     Standard upon a Motion to Dismiss

To survive a Motion to Dismiss, "a Complaint must contain sufficient factual matter, accepted as true, to 'stated claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In deciding a Motion to Dismiss, a Court must determine whether the Complaint "pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id., at 678. "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." Id.

## III.    Argument

### A.     Avoidance of Fraudulent Transfer

Plaintiff's Complaint contains solely conclusory averments, legal conclusions, and otherwise threadbare recitals – and, must be dismissed pursuant to Iqbal/Twombly.

Pursuant to 11 U.S.C § 548,

> (a)(1)   The trustee may avoid any transfer… incurred by the debtor, that was made or incurred on or within two years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
>
> (A)     Made such transfer… with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after

> the date that such transfer was made or such obligation was incurred, indebted; or
>
> (B)(i) Receive less than a reasonably equivalent value in exchange for such transfer; and
>
> (ii)(1) Was insolvent on the date that such transfer was made … or became insolvent as a result of such transfer.

To avoid a fraudulent transfer, a trustee must either show an intentional, 11 U.S.C. § 548(a)(1)(A), or a constructive fraud, 11 U.S.C. § 548(a)(1)(B). In re Zambrano Corp., 478 B.R. 670, 690 (W.D. Pa. 2012).

To prevail under a fraudulent transfer claim, the "transfer" is "…each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property." Id. (quoting 11 U.S.C. § 101(54)(D)(i), (ii)).

The transaction must be measured against "objective test of economic reality" and characterized as a bona fide loan only if its "intrinsic economic nature" is that of a genuine indebtedness. Id., at 691 (quoting Geftman v. C.I.R., 154 F.3d 61, 68 (C.A. 3 1998)).

"Courts use varying lists of 'badges of fraud'" to infer fraudulent intent. Id., at 691 (citing In re Lockwood Auto Group, Inc., 450 B.R. 557, 571 (Bankr. W.D. Pa. 2011)); *See*, McNamara v. PFS, 334 F.3d 239, 243 (C.A.3 2003).

Plaintiff's adversary Complaint is wholly lacking in any non-conclusory, specific, or otherwise plausible averments necessary to satisfy the statute per Iqbal/Twombly. Notwithstanding its *prima facie* insufficient specificity, the Complaint further fails to plead the who, what, where, why, and when necessarily akin to FRCP 9.

For example, the Complaint does not identify the "badges of fraud"; whether Plaintiff is proceeding under a constructive or actual transfer; the mechanism of transfer; the facts necessary to impute an "insider"; and the nature of the fraud.

For failing to meet the standard of review, Plaintiff's Complaint must be dismissed.

B. <u>Damages</u>

Like Plaintiff's conclusory averments vis-à-vis fraudulent transfer, Plaintiff likewise conclusorily avers that it is entitled to damages pursuant to N.J.S.A. 14A: 7-14.1.

Pursuant to N.J.S.A. 14A: 7-14.1(2),

> A corporation may not make a distribution if, after giving effect thereto, either:
>
> (a) The corporation would be unable to pay its debts as they become due in the ordinary course of its business; or
>
> (b) The corporation's general assets would be less than its total liabilities.

While Plaintiff parrots the statute, the adversary Complaint does not contain any facts necessary to meet the standard of review.

Plaintiff's Complaint should be dismissed.

**IV.     This Honorable Court lacks Jurisdiction.**

In <u>Stern v. Marshall</u>, the Supreme Court held that not all matters designated as "core" could be finally adjudicated by an Article I court. Specifically, the Court held that a bankruptcy judge lacked constitutional authority to enter final judgment on a state law counterclaim brought by the bankruptcy estate against a creditor. 131 S.Ct. at 2608. The Supreme Court observed that although these types of claims are designated as "core", and the Bankruptcy Court is authorized by statute to decide core matters, this power exceeds the constitutional limits placed on an Article I judge. <u>Id.</u>, at 2614.

Movant respectfully objects to this Honorable Court's jurisdiction. <u>In re International Auction & Appraisal Services, LLC</u>, 493 B.R. 460 (Bankr. M.D. Pa. 2013) (citing <u>Exec. Benefits Ins. Agency v. Arkison</u>, 702 F.3d 553, 561 (C.A.9 2012).

Plaintiff's Complaint should be dismissed as this Honorable Court respectfully lacks jurisdiction to enter a final judgment thereupon.

WHEREFORE, Defendant, Kassem respectfully request this Honorable Court dismiss Plaintiff's Complaint, with prejudice.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
*Attorney for Defendant, Nabil Kassem*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY (Trenton)

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| NMC GLOBAL CORPORATION, | : | |
| | : | Case No. 16-27447 (CMG) |
| Debtor. | : | |

| | | |
|---|---|---|
| ANDREA DOBIN, TRUSTEE | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 18-01469 (CMG) |
| | : | |
| v. | : | |
| | : | |
| GHULAM SUHRAWADI and | : | |
| NABIL KASSEM | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 23rd day of October, 2018, a true and correct copy of the foregoing Co-Defendant, Kassem's Motion to Dismiss Plaintiff's Adversary Complaint and Memorandum of Law in Support thereof was served via ECF, upon the following parties:

Andrea Dobin, Esq.
McManimon, Scotland & Baumann, LLC
427 Riverview Plaza
Trenton, NJ 08611

Peter Broege, Esq.
Broege, Neumann, Fischer & Shaver
25 Abe Voorhees Drive
Manasquan, NJ 08736

**WEISBERG LAW**

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
*Attorney for Defendant, Nabil Kassem*