| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>*Caption in Compliance with D.N.J. LBR 9004* | |
| WEISBERG LAW<br>7 South Morton Ave.<br>Morton, PA  19070<br>610-690-0801<br>Matthew B. Weisberg, Esquire<br>*Counsel for Adv. Pro. Dfd. Nabil Kassem* | |
| In re:<br><br>NMC GLOBAL CORPORATION,<br><br>        Debtor. | Case No. 16-27447 (CMG)<br><br>Chapter 7<br><br>Honorable Christine M. Gravelle, U.S.B.J. |
| ANDREA DOBIN, CHAPTER 7 TRUSTEE,<br><br>        Plaintiff,<br>  v.<br><br>GHULAM SUHRAWARDI and NABIL KASSEM,<br><br>        Defendants. | Adv. Pro. No. 18-01469 (CMG)<br><br><br><br>**NABIL KASSEM ANSWER WITH AFFIRMATIVE DEFENSES WITH CROSSCLAIM** |

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted in part; denied in balance.  The balance of the averment is a conclusion of law.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied.  The memorandum of understanding speaks for itself.

16. Denied.  The memorandum of understanding speaks for itself.

17. Denied.  The memorandum of understanding speaks for itself.

18. Denied.  The memorandum of understanding speaks for itself.

19. Denied.  The memorandum of understanding speaks for itself.

20. Denied.  The memorandum of understanding speaks for itself.

21. Denied.  The memorandum of understanding speaks for itself.

22. Denied.  The final award speaks for itself.

23. NK lacks knowledge or information sufficient to form a belief about the truth of this allegation.

24. The bankruptcy petition and documents enclosed therein speak for itself in its entirety.

25. The bankruptcy petition and documents enclosed therein speak for itself in its entirety.

26. NK lacks knowledge or information sufficient to form a belief about the truth of this allegation.

## COUNT ONE
*(Trustee v. GS)*

**Avoidance of Fraudulent Transfer (11 U.S.C. § 548)**

27. NK herein incorporates the preceding paragraphs.

28. This allegation does not regard NK.

29. This allegation does not regard NK.

30. This allegation does not regard NK.

31. This allegation does not regard NK.

## COUNT TWO
*(Trustee v. GS)*

**Damages pursuant to N.J.S.A. 14A:7-14.1**

32. NK herein incorporates the preceding paragraphs.

33. This allegation does not regard NK.

34. This allegation does not regard NK.

35. This allegation does not regard NK.

36. This allegation does not regard NK.

## COUNT THREE

*(Trustee v. NK)*

**Avoidance of Fraudulent Transfer (11 U.S.C. § 548)**

37. NK herein incorporates the preceding paragraphs.

38. Admitted in part; denied in part.  Admitted that the Debtor made payments to NK within the two years before September 12, 2016.  All else denied.

39. Denied.

40. Denied.

41. Denied.

WHEREFORE, NK demands judgment in his favor and against the Trustee, and such other relief that the Court deems appropriate under the circumstances.

## COUNT FOUR

*(Trustee v. NK)*

**Damages pursuant to N.J.S.A. 14A:7-14.1**

42. NK herein incorporates the preceding paragraphs.

43. Denied as stated.

44. Denied.

45. NK lacks knowledge or information sufficient to form a belief about the truth of this allegation.

46. Denied.

WHEREFORE, NK demands judgment in his favor and against the Trustee, and such other relief that the Court deems appropriate under the circumstances.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Accord and Satisfaction.

**THIRD AFFIRMATIVE DEFENSE**

Justification.

**FOURTH AFFIRMATIVE DEFENSE**

Payment.

**FIFTH AFFIRMATIVE DEFENSE**

Release.

**SIXTH AFFIRMATIVE DEFENSE**

The transfers complained of were awarded in arbitration.

**SEVENTH AFFIRMATIVE DEFENSE**

NK rightfully earned from NMC any and all of the money that it paid him.

**EIGHTH AFFIRMATIVE DEFENSE**

The Debtor rightfully paid to NK any and all of the money he earned from it.

**NINTH AFFIRMATIVE DEFENSE**

After September 12, 2014, NMC owed NK money, including because NK generated millions upon millions of dollars of revenue for NMC in 2013.

## TENTH AFFIRMATIVE DEFENSE

NK is due a credit from the Debtor for the revenue NK generated for it in 2013.

## ELEVENTH AFFIRMATIVE DEFENSE

The transfers complained of were not made with actual intent to hinder, delay or defraud any entity or person to which the Debtor was or became indebted.

## TWELFTH AFFIRMATIVE DEFENSE

The Debtor received more than the reasonably equivalent value in exchange for the subject transfers.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Debtor was not insolvent on the date that the subject transfers were made, nor was it rendered insolvent because those transfers were remitted.

## FOURTEENTH AFFIRMATIVE DEFENSE

The subject transfers did not cause the Debtor's capital to have become unreasonably small.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Debtor did not believe it would incur debts beyond its ability to pay them when due.

## CROSSCLAIM

1. For the purpose of asserting a claim against Co-Defendant, Suhrawardi, without adopting or admitting same, Answering Defendant incorporates herein by reference the well-pleaded allegations of facts from Plaintiff's Complaint.

2. If Plaintiff sustained injuries or damages alleged, then said injuries or damages resulted from the acts or omissions of Co-Defendant, as described in Plaintiff's Complaint, and said Co-Defendant is solely liable to Plaintiff for the injuries and damages complained.

3. In the alternative, if Plaintiff sustained the injuries or damages alleged, then said injuries or damages resulted from the actual omissions of Co-Defendant, which Co-Defendant is liable over to the Answering Defendant by way of indemnity for any amounts which Answering Defendant may be required to pay Plaintiff; and/or liable to Answering Defendant for contribution.

WHEREFORE, Defendant, Kassem, hereby demands judgment be entered in his favor and against Plaintiff, together with all reasonable interests, expenses, attorney's fees, and costs. In the alternative, Kassem hereby demands judgment be entered in his favor and against Co-Defendant, Suhrawardi, on Kassem's crossclaims.

Respectfully submitted,

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esq.
7 South Morton Ave.
Morton, PA 19070
610-690-0801
mweisberg@weisberglawoffices.com
*Counsel for Nabil Kassem*

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>*Caption in Compliance with D.N.J. LBR 9004* | |
|---|---|
| WEISBERG LAW<br>7 South Morton Ave.<br>Morton, PA 19070<br>610-690-0801<br>Matthew B. Weisberg<br>Stephen E. Skovron<br>*Counsel for Adv. Pro. Dfd. Nabil Kassem* | |
| In re:<br><br>NMC GLOBAL CORPORATION,<br><br>        Debtor. | Case No. 16-27447 (CMG)<br><br>Chapter 7<br><br>Honorable Christine M. Gravelle, U.S.B.J. |
| ANDREA DOBIN, CHAPTER 7 TRUSTEE,<br><br>        Plaintiff,<br>  v.<br><br>GHULAM SUHRAWARDI and NABIL KASSEM,<br><br>        Defendants. | Adv. Pro. No. 18-01469 (CMG)<br><br><br><br>**CERTIFICATE OF SERVICE** |

I, Matthew B. Weisberg, Esquire, hereby certify that on this 17th day of December, 2018, a true and correct copy of the foregoing Answer with Affirmative Defenses with Crossclaim was served via ECF, upon the following parties:

Andrea Dobin, Esq.
McManimon, Scotland & Baumann, LLC
427 Riverview Plaza
Trenton, NJ 08611

Peter Broege, Esq.
Broege, Neumann, Fischer & Shaver
25 Abe Voorhees Drive
Manasquan, NJ 08736

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esq.
7 South Morton Ave.
Morton, PA  19070
610-690-0801
mweisberg@weisberglawoffices.com
*Counsel for Nabil Kassem*
